UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2117 |
| | § | |
| GUSTAVO ADOLFO PUENTE d/b/a EL | § | |
| MEZCAL ICE HOUSE, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Pending before the Court are the parties' cross motions for summary judgment. The plaintiff, J&J Sports Productions, Inc. (the "plaintiff"), filed a motion for summary judgment (Dkt. No. 9), to which the defendants, Gustavo Adolfo Puente ("Puente"), individually and d/b/a El Mezcal Ice House; and Jose Guillen Guillar ("Guillar"), individually and d/b/a El Mezcal Ice House (collectively the "defendants"), responded (Dkt. No. 14). The defendants filed a cross-motion for summary judgment (Dkt No. 10), to which the plaintiff responded (Dkt. No. 12). After having carefully considered the motions, responses, the record and the applicable law, the Court determines that the plaintiff's motion should be **GRANTED** in part and **DENIED** in part, and the defendants' motion should be **DENIED**.

**II.  FACTUAL BACKGROUND**

This is a television piracy case. The plaintiff is a distributor of closed-circuit pay-per-view boxing and special events. The defendants own El Mezcal Ice House ("Establishment"), located in Houston, Texas. The plaintiff was granted the exclusive nationwide commercial distribution rights to the Saul Alvarez v. Erislandy Lara championship boxing match, including

all preliminary bouts (the "Fight"). In turn, the plaintiff granted various commercial entities the right to exhibit the Fight publicly within their respective commercial establishments under sublicensing agreements. The plaintiff alleges that on July 12, 2014, the night of the Fight, the defendants illegally intercepted the closed-circuit telecast, and showed the Fight at their venue without payment to the plaintiff.

The plaintiff filed suit on July 11, 2017, because of this allegedly impermissible showing of its programming, which the plaintiff claims is a violation of the Federal Communications Act of 1934, as amended (the "Communications Act"). It brings claims against the defendants under: (1) 47 U.S.C. § 605(a) which prohibits interception and publishing radio communication; and (2) 47 U.S.C. § 553, which prohibits interception or reception of any communications service offered over a cable system. The plaintiff further alleges that the defendants willfully and intentionally intercepted the program and did so for the purpose of commercial advantage or private financial gain, warranting enhanced statutory damages.

### III. LEGAL STANDARD AND APPLICABLE LAW

#### A. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery

and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir.

2003)). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52, (1986)).

### B. The Communications Act

Section 553 provides that:

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

47 U.S.C. § 553.

Section 605 provides that:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a).

## IV. ANALYSIS AND DISCUSSION

### A. The Defendants' Motion

The plaintiff filed the instant suit nearly three years after the alleged violation occurred. The alleged violation occurred on July 12, 2014, and the instant suit was filed on July 11, 2017. The defendants argue that the applicable statute of limitations is two years for the plaintiff's claims, arguing that the Court should apply Texas' two-year statute of limitations for conversion. (*Citing J&J Sports Prods., Inc. v. JWJ Mgmt., Inc.*, 324 S.W.3d 823 (Tex.App. 2010.)). The general rule provides that state law supplies the applicable period, but under a narrow exception, federal law applies if the state law period would frustrate the application of national policies.

*See N. Star Steel Co. v. Thomas*, 515 U.S. 29, 34, 115 S. Ct. 1927, 132 L. Ed. 2d 27 (1995). Although the Fifth Circuit concluded that conversion was the closest state law equivalent, it ultimately adopted the limitations period from the Copyright Act, which is three years. *See Prostar v. Massachi*, 239 F.3d 669, 677-78 (5th Cir. 2001). This Court is, of course, bound by Fifth Circuit precedent. Therefore, the Court finds that the plaintiff brought this action within the three-year statutory period, and thus its claims are not barred by the statute of limitations. The defendants' motion is denied.

### B. The Plaintiff's Motion

#### i. Liability under Section 605 of the Communications Act

To establish liability under § 605, a strict liability statute, the plaintiff must prove: (1) that the Fight was exhibited in the bar; and (2) the plaintiff did not authorize the exhibition of the Fight. Further, § 605 applies to unauthorized interceptions of signals through radio or satellite, but not cable communications. *See J&J Sports Prod., Inc. v. Mandell Family Ventures*, L.L.C., 751 F.3d 346, 351 (5th Cir. 2014).

The Communications Act expressly provides for individual liability upon satisfaction of the previously stated elements, as is present in this case. *See* 47 U.S.C. § 605(a). The holder of an establishment's Texas Alcoholic Beverage Commission license ("TABC license") is responsible for all portions of that establishment, including the televisions and the actions of any employees. TEX. ALCO. BEV. CODEE § 109.53. An exception to this rule exists when the license holder receives permission to designate an area of the establishment as separate from the licensed portion of the premises. TEX. ALCO. BEV. CODEE §§ 11.49(b)(1), 11.49(b)(2).

It is undisputed that the defendants held the TABC license for the Establishment, specifically, Guillar who is the named permit holder. Furthermore, both individual defendants

were in control of the actions of all employees the night of the Fight. The defendants have not offered any evidence in contravention of the evidence proffered by the plaintiff as to their individual liability. Moreover, the defendants have not raised a genuine issue of material fact to preclude the Court from granting the plaintiff's motion. Accordingly, the plaintiff's motion for summary judgment as to its claims under 47 USC § 605 is granted.

### ii. Liability under Section 553 of the Communications Act

Because the plaintiff cannot recover under both sections of the Communications Act and it has prevailed on its § 605 claims, the Court does not address the applicability of § 553 to this case. *See J&J Sports Prod., Inc. v. Little Napoli, Inc.*, No. CIV.A. H-13-1237, 2014 WL 3667903, at *1 (S.D. Tex. July 22, 2014). Thus, the plaintiff's motion as to its claims under § 553 is denied as moot.

### C. Damages

The Communications Act provides guidance for successful plaintiffs to recover statutory damages once liability has been established. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II). Plaintiffs may recover a statutory minimum of $1,000 and a maximum of $10,000 per violation, as well as costs and attorney's fees. *See* 47 U.S.C. § 605(e)(3)(B)(iii), (C)(i)(II). Supplementary damages up to $100,000 are accessible for plaintiffs who can prove that the defendant's actions were willful and committed for commercial advantage or financial gain. *See* 47 U.S.C. § 605(e)(3)(C)(ii). The Communications Act grants courts discretion in awarding additional damages that "the court considers just." *Id*. In addition, the Communications Act authorizes courts to grant injunctive relief to aggrieved plaintiffs. *See* 47 U.S.C. § 605(e)(3)(B)(I).

The plaintiff requests the Court to award it statutory damages of $10,000 and additional damages of $50,000 for the defendants' willful violation, attorney's fees in the amount of one-

third of its recovery (or in the alternative based on an hourly rate), and costs and post-judgment interest at the highest lawful rate. In their defense, the defendants argue that minimal damages are appropriate, contending that there is no evidence that they committed a willful violation for commercial advantage or private financial gain, citing to case law where similar situated defendants were ordered to pay nominal damages.

The Court finds the plaintiff's request of $10,000 in statutory damages is reasonable, but the Court will not award additional damages. Given the Establishments' capacity, their licensing fee to air the Fight would have been $1,400.00. The defendants did not charge a cover on the night of the Fight, they did not advertise that they would be showing the Fight, they did not charge a premium for food or drinks, only 15 patrons were at the Establishment while the Fight was being shown, and the defendants are not repeat offenders. Based on these facts, the Court finds that statutory damages in the amount $10,000 are reasonable and will also serve as a deterrent to prevent future violations of the Communications Act. The Court further finds that the defendants' actions were not sufficiently egregious to subject them to additional damages.

Lastly, the Court finds that an award of attorney's fees based on an hourly rate is appropriate. The plaintiff attaches an affidavit of attorney David M. Diaz ("Diaz") in support of its request for attorney's fees. Diaz testifies that his firm has handled or is in the process of handling thousands of anti-piracy cases throughout Texas, and that a minimum of eight hours has been spent in this case through the preparation of the plaintiff's motion for summary judgment. Diaz further testifies that a rate of $250 per hour is reasonable for this litigation, given his own experience and his firm's experience handling anti-piracy litigation. Considering the proffered evidence and in accordance with the lodestar method, the Court finds that $250 per hour for eight hours of billable work on this litigation is reasonable.

## V. CONCLUSION

For the foregoing reasons, judgment is hereby entered in the amount of $10,000.00 in statutory penalties, $2,000.00 in attorney's fees, post-judgment interest at the effective rate on date of entry of judgment, and costs pursuant to § 605(e)(3)(B)(iii). A separate final judgment will issue. Accordingly, it is therefore, ORDERED, ADJUDGED and DECREED that the plaintiff's motion for summary judgment is **GRANTED** in part and **DENIED** in part, and the defendants' motion for summary judgment is **DENIED**.

It is so **ORDERED**.

SIGNED on this 24th day of October, 2018.

_____
Kenneth M. Hoyt
United States District Judge